UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 04-20446-CR-JORDAN

UNITED STATES OF AMERICA     )
                             )
vs.                          )
                             )
HERNAN PRADA                 )
_____)

**ORDER ADOPTING R & R AND DENYING MR. PRADA'S CLAIM FOR REFUND OF FEES**

On July 30, 2007, following an evidentiary hearing, Magistrate Judge Torres issued a sealed report recommending denial of Mr. Prada's pro se request for a refund of attorney's fees paid to Alan Ross, Esq., his former counsel [D.E. 86]. The report was sealed because it contained discussion of attorney-client matters that were privileged. Mr. Prada has now filed pro se objections to the report [D.E. 92].[1]

Following a de novo review of the record, including reading the transcript of the evidentiary hearing,[2] I adopt Magistrate Judge Torres' thorough report, and deny Mr. Prada's request for a refund of fees paid to Mr. Ross. As explained below, Mr. Prada's objections are meritless.

First, contrary to Mr. Prada's accusations, Magistrate Judge Torres did not use any "shenanigans" against him at the evidentiary hearing. On the contrary, Magistrate Judge Torres explained the applicable procedures to Mr. Prada and offered him the chance to put on evidence.

Second, Magistrate Judge Torres was not required to credit Mr. Prada's testimony. Mr. Prada continues to believe – incorrectly – that his word must be accepted as the gospel truth whenever he files an affidavit.

Third, although Mr. Prada and Mr. Ross entered into a flat-fee retainer agreement, Florida law (which applies) provides that an attorney who is discharged without cause can recover the reasonable value of his services rendered before discharge, limited by the maximum contract fee.

---

[1] To the extent that Mr. Prada's objections challenge the jurisdiction of the court on the ground that federal courts do not have subject-matter jurisdiction over narcotics offenses, those objections are rejected without further comment.

[2] The transcript will be filed under seal.

*See, e.g., Rosenberg v. Levin,* 409 So.2d 1016, 1021 (Fla. 1982). Like Magistrate Judge Torres, I find that Mr. Ross was discharged without cause.

Fourth, in order to determine the reasonable value of Mr. Ross' services, Magistrate Judge Torres correctly analyzed the number of hours Mr. Ross reasonably spent on Mr. Prada's case and the reasonable hourly rate for those hours based upon the factors specified in Florida case law. Mr. Ross is entitled a quantum meruit recovery, *see United States v. Brumer,* 420 F.Supp.2d 206, 211-12 (S.D.N.Y. 2005), and on this record Mr. Prada is not entitled to any refund.[3]

**DONE and ORDERED** in chambers in Miami, Florida, this 5th day of September, 2007.

/s/ Adalberto Jordan
Adalberto Jordan
United States District Judge

Copy to:   Magistrate Judge Torres and all counsel of record.

---

[3]Mr. Prada's current counsel shall provide Mr. Prada with a copy of this order.

2